NONES, DEMANDANTE Y APELANTE, *v.* MAYORAL, CONTADOR MUNICIPAL, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Ponce en un caso sobre *mandamus*.

No. 1190.—Resuelto en enero 19, 1915.

CONCEJOS MUNICIPALES—FACULTADES DE LOS MISMOS—CONSEJO EJECUTIVO.—La necesidad de la autorización previa de un préstamo por el Consejo Ejecutivo a que se refiere la sección 26 de la ley No 4 de febrero 19, 1913, en nada puede afectar la facultad de un concejo municipal para utilizar mediante remuneración los servicios profesionales de un perito que informe respecto a la parte técnica de obras en proyecto, con cargo a los recursos ordinarios del presupuesto.

ID.—LEY MUNICIPAL—FACULTADES DE LOS MUNICIPIOS—PRÉSTAMOS.—Los preceptos de la ley No. 4 de febrero 19, 1913, no limitan las facultades que a los municipios reconoce la ley para establecer un sistema de gobierno local

y para otros fines, aprobada en marzo 8, 1906, en ningún otro sentido que no sea el de contraer deudas por medio de préstamo.

ID.—LEY MUNICIPAL—FACULTADES DE LOS MUNICIPIOS.—Los concejos municipales de la isla tienen facultades para proveer por medio de ordenanzas a cualesquiera de las atenciones que enumera la sección 25 de la Ley Municipal, sin que sea necesaria la autorización del Consejo Ejecutivo, siempre que los pagos de las obras hayan de hacerse con cargo al presupuesto ordinario y con los fondos ordinarios del municipio, sin contratar empréstito.

ID.—LEY MUNICIPAL—FACULTADES DE LOS MUNICIPIOS—PAGO DE SERVICIOS PROFESIONALES.—De acuerdo con la sección 84 de la Ley Municipal un municipio al formular su presupuesto está autorizado para consignar en él el pago de los servicios de un perito empleado por dicho municipio en relación con obras para cuya ejecución tenía completa facultad, sin que para ello se requiera la aprobación del Consejo Ejecutivo.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Antonio F. Castro.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Se trata de un recurso de apelación interpuesto por Adolfo Nones contra resolución dictada por la Corte de Distrito de Ponce en 4 de agosto de 1914 denegando el auto de *mandamus* perentorio que Adolfo Nones había solicitado en 18 de julio anterior para que se obligara al Contador del Municipio de Ponce a que expidiera a favor del peticionario el libramiento correspondiente, con el fin de hacerle pago de la suma de $250 consignada en el presupuesto entonces vigente para remunerarlo de ciertos servicios prestados a dicho municipio.

Las alegaciones que sirven de fundamento a la petición de Nones, son las siguientes:

Que el Concejo Municipal de Ponce, por ordenanza o resolución aprobada en sesión celebrada el 16 de junio de 1913, designó al demandante para que informara acerca de la parte técnica de unos estudios hechos sobre planos y especificaciones para ciertas obras de alcantarillado, acueducto y pavimentación de las calles de aquella ciudad, e informara además con respecto al costo de tales obras, cuya ejecución, según informes y creencia del demandante, había sido acordada

por el concejo municipal, habiéndose acordado también para llevarlas a cabo el contraer un empréstito con el Gobierno Insular, aprobándose sobre todo ello una ordenanza; que por la referida ordenanza de 16 de junio de 1913, se acordó consignar la partida de $500 para pagar los servicios del demandante y de otro ingeniero, Don Blas C. Silva, quien también fué designado en la misma ordenanza para prestar idénticos servicios, acordándose que la expresada cantidad se consignaría en un presupuesto supletorio que había de formarse cuando se cerraran las operaciones del presupuesto ordinario de 1912–13.

Que el demandante hizo el estudio de los planos de las obras de referencia, los que, según información y creencia, fueron aprobados por el Comisionado del Interior, y calculó el cósto de las mismas, habiendo formulado oportunamente sus conclusiones, y presentado la memoria correspondiente a la municipalidad de Ponce.

Que no habiéndose consignado en el presupuesto supletorio de 1912–13, cantidad alguna para el pago de sus honorarios, solicitó con fecha 21 de diciembre de 1913, que el concejo municipal acordara una transferencia dentro de las partidas del presupuesto ordinario de 1913–14 para el pago de sus honorarios, y el concejo municipal acordó en la misma fecha que aunque estaba obligado legalmente al pago de dichos honorarios, semejante pago no podía hacerse con cargo al presupuesto entonces corriente, por estar limitadas las cantidades en el mismo presupuestadas al pago de sus servicios previstos, por lo que acordó que la cantidad de $250 se hiciera figurar en el presupuesto de 1914–15 para hacerle pago con ella de los servicios prestados.

Que el Municipio de Ponce al formular el presupuesto para el año económico de 1914–15, consignó una partida de $250 para el pago de sus honorarios, de acuerdo con la resolución de 31 de diciembre de 1913.

Que el demandado Ramón Mayoral, en su carácter de Contador Interino del Municipio de Ponce, se ha negado a

expedir el libramiento correspondiente para hacer pago al demandante de la cantidad de $250 consignada a su favor en el presupuesto vigente, por estimar que dicho pago es ilegal.

El demandado admitió los hechos consignados en la demanda, y además de establecer la excepción previa de que tales hechos no determinan la causa de acción ejercitada, alegó que la deuda cuyo pago se reclama es ilegal por no haberse autorizado ni aprobado por el Consejo Ejecutivo, y que las asignaciones del presupuesto corriente no pueden destinarse a cobrar deudas de esa índole correspondientes a un empréstito.

La corte estimó que si bien el municipio contrajo la deuda de $250 cuyo pago reclama Adolfo Nones en virtud de una ordenanza de 16 de junio de 1913, como esa ordenanza para contraer la deuda no fué aprobada previamente por el Consejo Ejecutivo, según se dispone en las secciones 6ª. y 26ª. en relación con la 3ª., de la ley No. 4 aprobada en 19 de febrero de 1913, no puede hacerse legalmente por el contador municipal el pago de la cantidad reclamada, aunque aparezca consignada al efecto una partida en el presupuesto vigente.

La ley No. 4 aprobada en 19 de febrero de 1913, autoriza por su sección 2ª. a todas las corporaciones municipales y juntas escolares de Puerto Rico para obtener dinero a préstamo, contraer deudas y emitir bonos a los fines y en la forma que la misma ley dispone.

Esos fines se especifican en la sección 3ª. por lo que toca a las corporaciones municipales, y son los siguientes: Para redimir la deuda flotante y obligaciones del municipio o verificar pagos a cuenta de las mismas; para la conversión de sus deudas existentes representadas por bonos; para la construcción o adquisición por compra de acueductos, alcantarillados, edificios públicos o puentes; mejoración y apertura de calles y caminos, o para otras mejoras públicas necesarias.

En la sección 6ª. se previene que toda corporación municipal o junta escolar que deseare contraer una deuda, tomar dinero a préstamo o emitir bonos sobre su propio crédito, deberá presentar al Consejo Ejecutivo de Puerto Rico una ordenanza debidamente adoptada por el concejo municipal o junta escolar, aprobada según los casos por el alcalde o por el Comisionado de Educación, cuya ordenanza deberá contener las circunstancias que determinan la conveniencia de que se contraiga la deuda o que se haga el empréstito, el montante del mismo, el fin o fines a que habrá de dedicarse, y dispondrá la forma de redimir o amortizar la deuda con el interés y mediante las condiciones que el concejo municipal o junta escolar determinaren.

Y la sección 26ª. estatuye que ninguna corporación municipal o junta escolar tendrá facultad para tomar dinero a préstamo, contraer deudas o emitir bonos para cualquiera de los fines establecidos por esta ley, ni serán válidos los préstamos contraídos o bonos emitidos, hasta que el Consejo Ejecutivo haya primeramente aprobado el fin o fines para que se contrae el préstamo o la deuda, la forma de los bonos, si hubieren de emitirse, las condiciones del pago, el tipo del interés, y todos los demás detalles que se relacionan con los mismos, así como la resolución que por virtud de esta ley la corporación municipal o junta escolar adoptare.

Como se ve, la sección 26 de la ley No. 4 de 19 de febrero de 1913 a que acabamos de referirnos, exije como requisito para tomar una corporación municipal dinero a préstamo, contraer deudas o emitir bonos a los fines establecidos por la misma ley, la aprobación previa de esos fines por el Consejo Ejecutivo en la forma prevenida por la misma sección 26, y para obtener esa aprobación deberá presentarse al Consejo Ejecutivo la ordenanza a que se refiere la sección 6, con expresión de las circunstancias prevenidas por esa misma sección. En esa ordenanza debe mostrarse la conveniencia

de que se contraiga la deuda o se haga el empréstito, y el montante del mismo, y no vemos cómo el montante del empréstito que ha de ser el montante del costo de la obra que ha de realizarse, puede fijarse por un concejo municipal sin el auxilio de peritos que con sus conocimientos técnicos son los llamados a ilustrarlo sobre el particular.

En el presente caso los servicios profesionales pedidos al ingeniero Nones para formular la ordenanza solicitando autorización para contraer el préstamo, no podían ser pagados con fondos del mismo compréstito, pues éste podía ser autorizado o no por el Consejo Ejecutivo, y muy difícil hubiera sido que Nones o cualquier otro ingeniero hubiera consentido en prestar los servicios exigidos, sujetándose a la autorización eventual del empréstito y exponiéndose a que los servicios quedaran sin remuneración.

La necesidad de la autorización del empréstito por el Consejo Ejecutivo en nada puede afectar a las facultades del Concejo Municipal de Ponce para utilizar mediante remuneración, los servicios profesionales del ingeniero Nones con cargo a los recursos ordinarios del presupuesto y no a los fondos del empréstito. Si se sostuviera lo contrario, tendríamos que llegar a la conclusión absurda de que, aprobado el empréstito por el Consejo Ejecutivo, y desistiendo el concejo municipal de la realización de las obras proyectadas, tendría el Municipio de Ponce que llevar a cabo el empréstito para pagar al ingeniero la insignificante cantidad de doscientos cincuenta dollars, si es que sus servicios no habían de quedar insolutos.

Pero es que tales servicios no podrían ser remunerados con dinero del empréstito, pues la sección 25 de la ley de 19 de febrero de 1913 previene que ese dinero ha de ser destinado exclusivamente al fin o fines especificados en la ordenanza, y ésta presupone la prestación de dichos servicios, como hemos dicho antes, y ha de referirse no a fines ya realizados, sino por realizar.

Los preceptos de la ley No. 4 de 19 de febrero de 1913 que el juez invoca en la sentencia recurrida, han sido indebidamente aplicados al presente caso. Esa ley no limita las facultades que a los municipios reconoce la ley para establecer un sistema de gobierno local y para otros fines, aprobada en marzo 8, 1906, en ningún otro sentido que no fuera el de contraer deudas por medios de préstamos, y buena prueba de ello es que al citar en la sección 29 las leyes y secciones de ley que quedan derogadas, lo hace expresamente de las secciones 89, 90 y 91 de la Ley de 8 de marzo de 1906, que regulan el poder de los municipios para contraer deudas por medio de préstamos, dejando subsistentes por lo menos en cuanto hacen relación a la interpretación de la ley No. 4 de 1913, las demás secciones de la ley municipal.

Los concejos municipales de esta isla tienen facultades para proveer por medio de ordenanza a cualquiera de las atenciones que enumera la sección 25 de la Ley Municipal, entre las cuales se encuentran comprendidas las obras a que se refiere la ordenanza de 16 de junio de 1913, sin que sea necesaria la autorización del Consejo Ejecutivo, siempre que los pagos de las obras hayan de hacerse con cargo al presupuesto ordinario y con los fondos ordinarios del municipio, sin contraer préstamos, en cuyo caso sería necesaria la autorización del Consejo Ejecutivo.

Esa misma Ley Municipal al establecer preceptos sobre el modo de confeccionar los presupuestos, dispone en su sección 84 que cada municipio al formular su presupuesto empezará por proveer para hacer frente a cualquier déficit que resultare de las operaciones de años anteriores o a los gastos a que estuviere legalmente obligado por contratos ya celebrados o por otras causas. A ese precepto se ajustó el municipio de Ponce al formular el presupuesto que había de regir durante el año económico de 1914-15 consignando en él la cantidad suficiente para pagar los servicios de Nones, a cuyo pago venía legalmente obligado por haber sido pres-

·tados esos servicios mediante un nombramiento que a su favor hiciera el municipio, y en relación con obras para cuya ejecución el municipio tenía completa facultad.

Sostener que en el presente caso se requiere la aprobación del Consejo Ejecutivo equivale a sostener que en cualquier caso en que los municipios acuerden la ejecución de cualquier obra tienen que obtener la autorización previa del Consejo Ejecutivo, aunque su costo haya de pagarse con recursos propios, lo cual está en oposición abierta con la Ley Municipal vigente, de marzo 8, 1906, y con la misma ley en que el juez funda la resolución recurrida, cuya ley, repetimos, es de aplicarse exclusivamente a los casos en que las corporaciones municipales o juntas escolares de Puerto Rico trataron de contraer deudas mediantes préstamos, para los fines que esa misma ley expresa.

Por las razones expuestas es de revocarse la resolución apelada de 4 de agosto de 1914, y declarárse con lugar el pedimento de *mandamus* solicitado contra el Contador Municipal de Ponce, a quien se ordena expida inmediatamente un libramiento a favor de Adolfo Nones para hacerle pago de la suma de $250 consignada a su favor en el presupuesto vigente, como remuneración de servicios prestados al municipio de dicha ciudad, sin especial condenación de costas.

> *Revocada la resolución apelada, ordenándose al contador municipal de Ponce expida a favor del peticionario el libramiento correspondiente.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.